IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARIANA M., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-3206 |
| | § | |
| HUMANA HEALTH PLAN OF TEXAS INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER ON MOTION TO UNSEAL RECORD**

Ariana M. has moved to unseal certain criteria in the Mihalik Group Medical Necessity Manual for Behavioral Health, arguing that those criteria were disclosed through the court's opinions. (Docket Entry No. 88). Humana responded that its license requires that the Mihalik criteria remain confidential and that unsealing them "would likely cause harm to the Mihalik Group who monetizes its work through licensing agreements." (Docket Entry No. 91 at 4). The court partially grants Ariana M.'s motion.

Early in this litigation, Ariana M. asked Humana to produce the Mihalik Manual. Humana produced the criteria relevant to Ariana M.'s partial hospitalization, but declined to submit the entire Manual into the record. Ariana M. asked the court to order the entire Manual's production. (Docket Entry No. 32 at 8–9). Humana responded that it had submitted the relevant provisions and that the Manual is "copyrighted material that we pay for." (*Id.* at 9). The court ordered Humana to produce the Manual under a confidentiality and protective order, which, subject to a few exceptions, prohibited the parties from disclosing information that either party designated as confidential. (Docket Entry No. 36). One exception permitted the parties to disclose information that had become "part of the public domain through no fault of the recipient, as evidenced by a written document."

(*Id.* at 2–3). The parties submitted motions for summary judgment, which quoted the Mihalik criteria, under seal. The court granted summary judgment for Humana in a September 2018 memorandum and opinion that referenced the manual's introduction, medical-necessity criteria on adolescents in partial hospitalization for mental illness, and references section. (Docket Entries No. 86–87). Ariana M. seeks to "unseal the Mihalik Criteria upon which Humana and the [c]ourt relied." (Docket Entry No. 88 at 1).

The common law recognizes a "right to inspect and copy judicial records" so as to promote the "trustworthiness of the judicial process," curb "judicial abuses," and provide "the public with a more complete understanding of the judicial system." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848, 848–49 (5th Cir. 1993). But this right is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). When court records might "become a vehicle for improper purposes," the court may use its "supervisory power" to deny public access to them. *Id.*; *see Van Waeyenberghe*, 990 F.2d at 848 ("[T]he common law merely establishes a presumption of public access to judicial records."). A trial court has discretion to seal or unseal records but, in doing so, "must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848; *see LaBranch v. Dep't of Def.*, 720 F. App'x 182, 185 (5th Cir. 2018) ("We review a district court's ruling on a motion to unseal for an abuse of discretion."); *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203–04 (5th Cir. 2015) ("The district court's discretion to seal records is to be exercised charily given the public's common law right of access, and we are loath to second guess a decision not to seal documents." (quotation omitted)).

Humana has an interest in preventing unlicensed uses of the Mihalik criteria. *See Nixon*, 435

U.S. at 598 ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."); *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd*, No. C-12-074, 2013 WL 1867604, at *4 (S.D. Tex. Apr. 22, 2013) ("Given [the defendants'] reliance on the confidential nature of these agreements, as well as the possibility that disclosure would potentially harm its competitive standing in the shipping industry, defendants have established good cause to maintain seal over the documents.").

In reviewing the administrator's decision *de novo*, the court quoted from both Humana's policy and the Mihalik Manual's relevant criteria. Through this court's decisions, a handful of the manual's 202 pages entered "the public domain through no fault of the recipient." (Docket Entry No. 36 at 3). The public has a right to inspect the documents the court relied on to reach its decision. *See In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008) ("Dispositive documents, that is documents that influence or underpin the judicial decision, are 'open to the public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.'" (quoting *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002))). This interest amply supports leaving those parts of the Manual open to public review. But only those pages the court relied on are to be unsealed. The others are to remain under seal, as the parties agreed.

The parties must file a redacted Mihalik Manual for the publicly available docket. This includes the introductory materials, from the cover to page 9; the service-setting criteria for "Partial Hospital: Mental Health" on pages 29 to 30; the child and adolescent level of care criteria for "Partial Hospital Treatment: Mental Health" on pages 98 to 100; and the references section, from

pages 191 to 202. *See* FED. R. CIV. P. 5.2(d) ("The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.").

SIGNED on October 22, 2018, at Houston, Texas.

                                            Lee H. Rosenthal
                                    Chief United States District Judge